UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:21-cr-216-KKM-JSS

18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(4)(B)

MICHAEL LUMPKIN
a/k/a "JAMARI"

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but no later than on or about July 25, 2019, through on or about February 28, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL LUMPKIN,
a/k/a "JAMARI"

using a facility and means of interstate commerce, that is, a cellular phone and computer via the Internet, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida, that is, the crime of sexual performance of a child, in violation of Fla. Stat. § 827.071(2) and (3).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO

On or about February 15, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL LUMPKIN,
a/k/a "JAMARI"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: 20200215_205622.mp4.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about February 18, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL LUMPKIN,
a/k/a "JAMARI"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any

means, including by computer, to wit: 20200218_200447.mp4.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

Beginning on an unknown date and continuing up to and including on or about July 24, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL LUMPKIN,
a/k/a "JAMARI"

did knowingly possess a matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, that had been produced using materials which had been shipped and transported using any means and facility of interstate and foreign commerce, that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, by any means when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. §§ 2251(a) and/or 2252(a), the defendant, MICHAEL LUMPKIN, a/k/a "JAMARI" shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, the following: Black cricket phone, Black ZTE/Z983 cricket phone, Black LG CDMA VS88OPP phone, Black LG MS550 phone, Samsung CDMA SM-G955U Galaxy S8+ phone, White Samsung CDMA SMT217S Galaxy Tablet 3, iPhone 7, and an iPhone XR, which were used to commit, or to promote the commission of, the offenses.

4.  If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

4

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
Ilyssa Spergel
Assistant United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
June 21

Case 8:21-cr-00216-KKM-JSS   Document 1   Filed 07/01/21   Page 6 of 6 PageID 6

No.

FILED

2021 JUL -1 PM 3: 16

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL LUMPKIN a/k/a "JAMARI"

INDICTMENT

Violations: 18 U.S.C. §§ 2422(b), 2251(a), 2252(a)(4)(B)

A true bill,

_____
Foreperson

Filed in open court this 1st day

of July, 2021.

_____
Clerk

Bail $_____

GPO 863 525