AF Approval _~~_

Chief Approval _~~_

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.8:21-cr-216-KKM-JSS

MICHAEL LUMPKIN
a/k/a "JAMARI"

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B.

Handberg, United States Attorney for the Middle District of Florida, and the

defendant, MICHAEL LUMPKIN a/k/a "JAMARI", and the attorney for the

defendant, Kathleen Sweeney, mutually agree as follows:

#### A.   Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts Two and Three of the

Indictment. Counts Two and Three charge the defendant with production of child

pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2. Minimum and Maximum Penalties

Counts Two and Three are punishable by a mandatory minimum term of

imprisonment of 15 years up to 30 years, a maximum fine of $250,000, a term of

supervised release of at least 5 years, and a special assessment of $100 per felony

count for individuals. With respect to certain offenses, the Court shall order the

*defendant to make restitution to any victim of the offense(s), and with respect to*

Defendant's Initials _ML_

other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts Two and Three are:

First: An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second: The defendant employed, used, persuaded, induced enticed, and coerced, and attempted to employ, use, persuade, induce, entice, and coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third: The visual depiction was produced and transmitted using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

Defendant's Initials ᴹ ᴸ                    2

4. Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts One and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 2259 defendant agrees to make full restitution to Victim 1, Victim 2, and Victim 3. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. Restitution to Persons Other Than the Victim of the Offense of Conviction - Agreed Upon Amount

Pursuant to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3), defendant agrees to make restitution for the full amount of the known victims' losses as determined by the Court. The known victims include the following: Sweet Sugar Series, A.P., A.B., J.H., and M.W. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials ML                    3

8. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in

Defendant's Initials _M L_          4

Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: a Black ZTE/Z983 Cricket phone with blue case, ICCID 89011503277134692117, and an iPhone 7 with blue case, model A1778, IMEI 358685090633807, which assets were used in the commission of the crime.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the

Defendant's Initials $\underline{M \llcorner}$                    5

charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent

Defendant's Initials _ML_                    6

decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials ML                    7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

11. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for

Defendant's Initials _ML_                    8

which he has plead guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Black Cricket phone with cracked screen, Black LG CDMA VS88OPP phone, ICCID 89148000002102205058, Black LG MS550 phone, cracked screen, s/n 702VTEY239044; iPhone XR with coral wallet case.

12. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his

Defendant's Initials M L          9

registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.   Standard Terms and Conditions**

      1.   Restitution, Special Assessment and Fine

      The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials ML          10

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

    2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems

Defendant's Initials __ML__         11

appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit

Defendant's Initials ___ML___        12

reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in

Defendant's Initials $\underline{ML}$         13

determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials M L        14

### 10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which

Defendant's Initials __M L__                    15

defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

Between June 2019 and February 2020, the defendant enticed, induced, and coerced 14-year-old Victim 1, in Missouri, to produce images and videos of herself, 10-year-old Victim 2, and 15-year-old Victim 3, engaged in sexual activity. The images and videos were transmitted to the defendant, located in the Middle District of Florida, through Victim 1's iPhone, which was manufactured outside the state of Florida.

In June 2019, Victim 1 began communicating with "Jamari" on Periscope, a social media application that allows users to communicate in a live-video format. Victim 1 believed she was in a romantic relationship with "Jamari" and sent him sexually explicit photographs and videos of herself. Victim 1 then received threatening messages from three different telephone numbers, operated by a persona she described as "the man." Victim 1 did not know the identity behind these telephone numbers. The defendant, "Jamari", utilized these telephone numbers

Defendant's Initials $\underline{ML}$     16

through use of the application TextNow[1] to send threatening messages to Victim 1.

These messages threatened to post images and videos of Victim 1 on the website

Pornhub, unless she sent additional images and videos portraying sexual activity.

Victim 1 believed "Jamari" was helping her comply with her blackmailer, not

realizing "Jamari" and those threatening her were the same person, the defendant.

Examples of the messages which induced and coerced the production of

sexually explicit material were located on Victim 1's iPhone they include:

**2/8/2020:**

| | |
|---|---|
| PHONE# 917-737-5648: | Wheres the dick sucking video |
| Victim 1: | Where's Jamari have u talked to im and it's coming I promise the person didn't answer his phone and shii I promise u imma have it |
| PHONE# 917-737-5648: | He didn't answer me so im here speaking to you |
| PHONE# 917-737-5648: | Im not kidding. Where the video |
| Victim 1: | Sir I'm getting yo video on no disrespectful shit and what my bae tell you |
| PHONE# 917-737-5648: | And I'm not kidding about it either |
| PHONE# 917-737-5648: | I'm not bullshitting |
| PHONE# 917-737-5648: | When will you have it |
| Victim 1: | To be honest I'm starting school and I'll need like some weekends because im going ot be in school an getting me a job |
| Victim 1: | Or I'll try to get it done sometime during the week |

**2/15/20:**

| | |
|---|---|
| PHONE# 917-737-5648: | Just got the video. Next tell that same guy to put his dick inside you record it like you did but don't tell |

---

[1] TextNow is a VOIP service that allows users to text and call any number in Canada and the United States. TextNow provides the user with a real phone number to use and can be used on any smart device with an internet connection. The application can be used on multiple devices, including smartphones, tablets, laptops, or desktops. TextNow offers both free and paid accounts.

|  | your ex boyfriend why. Then tell him record and send me it. Tell the guy you were sucking to fuck you so hard it makes him jealous. If you tell the ex-boyfriend before I get the video then I will upload this video too. Do you understand that |
|---|---|
| Victim 1: | yea |
| PHONE# 917-737-5648: | you know you want to feel all that dick inside you. Don't you little girl |
| PHONE# 917-737-5648: | tell him fuck you long as possible and hard and cum inside |
| PHONE# 917-737-5648: | look into the camera while he fucks you. Tell him go hard and moan loud so your ex gets jealous |
| PHONE# 917-737-5648: | yes and if he sees you on just ignore him and keep going |
| Victim 1: | igh den I'm done? |
| PHONE# 917-737-5648: | if you do it the way I said. Then yes so hurry. Before I change my. Mind |
| PHONE# 917-737-5648: | now suck his dick again and choke on it. Put it down your throat |
| PHONE# 917-737-5648: | NEXT VIDEO |
| PHONE# 917-737-5648: | did you hear…you have 1 min to reply |
| Victim 1: | Choke on it? Then I'm done? |
| PHONE# 917-737-5648: | Yes tell him force it down your throat make you choke for 10 mins. And bend you over for 5 mins. Then I will tell you the password. First part is revolve |

.....

| PHONE# 917-737-5648: | tell him face fuck you for 15 mins then. Don't put your hand on it. Choke on the whole ting. Your 15 mins starts in 2 mins. If I don't have the video by then no deal and you can keep it |

The TextNow phone numbers which communicated with Victim 1 all did so
through accessing the same IP address of 35.136.65.81, which traced back to the
defendant's residence in Land O'Lakes, Florida, within the Middle District of

Defendant's Initials $\underline{\text{M}}$      18

Florida. On or about July 24, 2020, a search warrant was executed at this residence and multiple electronic devices were seized and forensically searched.

The defendant's seized iPhone 7 contained emails associated with the TextNow phone numbers which threatened Victim 1, in addition to the use of the alias "Jamari." It also contained Victim 1's contact information and images of children being sexually abused. The defendant's ZTE cellphone also contained emails and usernames associated with the TextNow phone numbers as well as evidence of the use of the TextNow application. Multiple files depicted the use of the name "Jamari" as well as multiple screenshots of uploads to Pornhub. This device also contained images and videos depicting minors being sexually abused.

Within the black ZTE/cricket cellphone were sexually explicit videos of Victim 1, Victim 2, and Victim 3. Specifically, file 20200215_205622, depicted Victim 1 performing oral sex on Victim 3 in a bathroom at a mall. Video file 20200218_200447, depicted Victim 1 and Victim 3 in a bedroom, with Victim 3 positioned on top of Victim 1, appearing to have vaginal intercourse. The video then switched to Victim 1 performing oral sex on Victim 3 while he held a phone up showing a timer. Video files 20190725_225255 and 20190725_225322 depicted Victim 1 performing oral sex on Victim 2.

Additionally, on the SD card from the defendant's ZTW cellphone, there were screenshots of communications with Victim 1. For example, one of the defendant's TextNow phone numbers (917-259-4967) messaged Victim 1 on February 19, 2020: "You said til Thursday. I gave you two extra days and still no video. Why shouldn't

Defendant's Initials _M̧L___          19

I post you today." "If I get no reply soon its getting uploaded. You can listen to those guys if you want I'll still expose you." The defendant then sent Victim 1 a screenshot of Victim 1 performing oral sex on Victim 3. Multiple images in this device also depicted Pornhub uploads of the video.

Federal agents interviewed the defendant, who admitted to communicating with Victim 1 through two to three phone numbers on TextNow, and having enticed Victim 1 to send him sexually explicit photos and videos by threatening to expose her. ~~He also admitted to having a Mega account to view and receive child pornography, in addition to requesting child pornography of young girls through Likeit/live.me.~~ ML US.9/8/22

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

Defendant's Initials ML          20

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this **26th** day of ~~July~~ **August**, 2022.

ROGER B. HANDBERG
United States Attorney

Michael Lumpkin

Michael Lumpkin
Defendant

Ilyssa M. Spergel
Assistant United States Attorney

Kathleen Sweeney, Esq.
Attorney for Defendant

FOR:

Stacie B. Harris
Assistant United States Attorney
Chief/Special Victims

21