# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | CASE NUMBER: 8:21-cr-216-KKM-JSS |
| | USM NUMBER: 54518-509 |
| MICHAEL LUMPKIN<br>a/k/a "Jamari" | Defendant's Attorney: Kathleen Sweeney, AFPD |

The defendant pleaded guilty to Counts Two and Three of the Indictment.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2251(a)<br>18 U.S.C. § 2251(e) | Production of Child Pornography | February 28, 2020 | Two |
| 18 U.S.C. § 2251(a)<br>18 U.S.C. § 2251(e) | Production of Child Pornography | February 28, 2020 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One and Four of the Indictment are dismissed on the United States' motion.

It is ordered that the defendant must notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Day of Sentencing and
Imposition of Sentence: January 9, 2023

*Kathryn Kimball Mizelle*
**KATHRYN KIMBALL MIZELLE**
**UNITED STATES DISTRICT JUDGE**

January ___11___, 2023

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                    Sheet 2 — Imprisonment

Defendant: MICHAEL LUMPKIN                                   Judgment - Page __2__ of __7__
Case No.:  8:21-cr-216-KKM-JSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for 624 months. Count Two is comprised of 360 months and Count Three is also comprised of 360 months. 96 months on Count Three run concurrently with Count Two and 264 months on Count Three run consecutively to Count Two.*

__X__ The Court recommends (in order of preference) confinement at (1) FCI Elkton, Ohio, and (2) FCI Tucson, Arizona, and participation in UNICOR, GED classes, and vocational training.

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district.

   ____ at ____ a.m./p.m. on ____.
   ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ____ before 2 p.m. on ____.
   ____ as notified by the United States Marshal.
   ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                      _____
                                                      United States Marshal

                                                      By:_____
                                                         Deputy United States Marshal

_____

* At the sentencing hearing on January 9, 2023, the Court imposed 624 months of imprisonment and stated that Counts 2 and 3 run concurrently. On January 11, 2023, the Court sua sponte held a hearing under Rule 35(a) to correct its partial misstatement and clarified that Counts 2 and 3 run partially concurrently (96 months) and partially consecutively (264), but still total the originally imposed term of 624 months of imprisonment.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case | Sheet 3 — Supervised Release

Defendant: MICHAEL LUMPKIN
Case No.: 8:21-cr-216-KKM-JSS
Judgment - Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of Life, comprising concurrent Life terms as to Counts Two and Three.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   __X__ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ___ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. __X__ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. __X__ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ___ You must participate in an approval program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                                             Sheet 4 — Supervised Release

Defendant:   MICHAEL LUMPKIN                                              Judgment - Page __4__ of __7__
Case No.:    8:21-cr-216-KKM-JSS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                     Sheet 5 — Special Conditions

Defendant: MICHAEL LUMPKIN                                          Judgment - Page 5 of 7
Case No.:  8:21-cr-216-KKM-JSS

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. You must also contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. You shall register with the state sexual offender registry in any state where you reside, visit, are employed, carry on a vocation, or are a student as directed by the Probation Officer.

3. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into an area where children frequently congregate including schools, daycare centers, theme parks, playgrounds, etc.

5. You are prohibited from possessing, subscribing to, or viewing, any images, videos, magazines, literature, or other materials depicting children in the nude or in sexually explicit positions.

6. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (that includes a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. You are also prohibited from possessing an electronic data storage medium (including a flash drive) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other storage medium to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction.

7. You shall have no contact, direct or indirect, with victims identified in Counts Two and Three, (Y.W. and K.O.), as well as victims including D.W., A.P., A.B., J.H., M.W., T.B., and T.L., and the identified victims in the series.

8. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, to be conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

9. You shall refrain from engaging in any employment related to the direct interaction with minors.

Defendant: MICHAEL LUMPKIN  
Case No.: 8:21-cr-216-KKM-JSS  

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Restitution | Fine | AVAA Assessment* |
|---|---|---|---|---|
| **TOTALS** | $200 | Deferred | Waived | Waived |

__X__ The determination of restitution is deferred. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

____ The defendant must make restitution (including community restitution) to the following payee in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

__ Restitution amount ordered pursuant to plea agreement   $ _____.

__ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 7 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  __ the interest requirement is waived for the   ___ fine   ___ restitution.
  __ the interest requirement for the   ___ fine   ___ restitution is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case — Sheet 7 — Schedule of Payments

Defendant: MICHAEL LUMPKIN
Case No.: 8:21-cr-216-KKM-JSS

Judgment - Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.  **X**  Lump sum payment of **$200,** due immediately

   ___ not later than _____, or
   ___ in accordance with ___ C, ___ D, ___ E, or ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., thirty or sixty days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of _____ (e.g., months or years) to commence _____ (e.g. thirty or sixty days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., thirty or sixty days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___  Joint and Several

___  The defendant shall pay the cost of prosecution.
___  The defendant shall pay the following court cost(s):
**X**  The defendant shall forfeit the defendant's interest in the following property to the United States:

The Preliminary Order of Forfeiture (Doc. 69) is final and incorporated into this Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	Case No. 8:21-cr-216-KKM-JSS

MICHAEL LUMPKIN
a/k/a "JAMARI"

_____

## PRELIMINARY ORDER OF FORFEITURE

The United States moves for a preliminary order of forfeiture for the following assets seized from the defendant at his residence on or about July 24, 2020:

1. a Black ZTE/Z983 Cricket phone with blue case, ICCID 89011503277134692117; and

2. an iPhone 7 with blue case, model A1778, IMEI 358685090633807.

Being fully advised of the relevant facts, the Court hereby finds that the assets identified above were used to commit, or to promote the commission of, the defendant's production of child pornography or are property traceable to such property for which he has pled guilty.

The United States' motion is **GRANTED**. Under 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the assets identified above are

hereby **FORFEITED** to the United States for disposition according to law. Upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings and to enter any further order necessary for the forfeiture and disposition of such property.

ORDERED in Tampa, Florida, on December 12, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge